The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Roger Dillard. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for the modification of Finding of Fact number 9 and Conclusion of Law number 3, and certain other minor technical modifications.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. Plaintiff is claiming a compensable accidental injury of on or about March of 1992 to his left shoulder.
2. In March of 1992 the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. At such time, the employee-employer relationship existed between the plaintiff and the defendant-employer, Hardy Luther.
4. At such time, The Maryland Insurance Group was the carrier on the risk.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff began to work for the defendant-employer in September of 1991, continuing in the employ of the defendant-employer through May of 1993. The defendant-employer's business involves clearing right-of-way paths for power lines. The work involved was heavy physical labor. The defendant-employer worked with plaintiff and the other employees in this work, which was usually away from home.
2. When the defendant-employer's work took the employer and his employees away from home, they would stay in a hotel. During these times the defendant and plaintiff would share a room.
3. Although plaintiff testified that he fell and injured a shoulder in March of 1992, the co-workers with whom plaintiff had been working, Bob Betis and Joe Elliott, were not both employed in March of 1992. A review of the defendant-employer's records indicate that plaintiff was employed along with Bob Betis and Joe Elliott on the following weeks only: September 21, 1991, September 28, 1991, October 5, 1991, November 9, 1991, November 16, 1991, and November 23, 1991.
4. Plaintiff first reported this alleged injury to his shoulder in May of 1993, at which time he told the defendant-employer that he needed to make some "fast money" and wanted to go to the doctor because he had hurt his shoulder some two years earlier.
5. The defendant-employer's first notice of the alleged accident injury came in May of 1993 when plaintiff walked off the job. Approximately one week later the defendant-employer took the employee to his hometown insurance agent where a Form 19, Employer's Report of Injury to Employee, was completed.
6. The employee's claim was filed pursuant to N.C.G.S. § 97-24 on October 28, 1993, when the plaintiff's Form 18 was received by the North Carolina Industrial Commission. No earlier claim has been filed by the plaintiff.
7. The plaintiff's testimony concerning the alleged accidental injury on or about March of 1992 is not accepted as credible by the Full Commission.
8. The Full Commission further does not find as credible plaintiff's claim that he experienced an injury as a result of the alleged fall of on or about March of 1992. Plaintiff experienced a shoulder injury in 1990 while in the employ of another employer, and prior to coming to work for the defendant-employer. Plaintiff worked for the defendant-employer from September of 1991 through May of 1993. The work which plaintiff performed for defendant-employer was hard physical labor. After leaving the employ of the defendant-employer, the employee has been employed at various jobs, including log splitting and wood cutting. Given these facts the Full Commission cannot find as credible plaintiff's claim that his left shoulder pain is causally related to the alleged fall of March of 1992.
9. If plaintiff fell as claimed, this fall had to have occurred in 1991, as that was the only year in which plaintiff and the other two co-workers whom he testified were present at the time of the incident were all three employed by defendant-employer. Out of the six weeks of 1991 during which all three employees were working, three of these weeks preceded October 28, 1991. Plaintiff has not made and could not timely make a claim or give a valid excuse for failure to make a claim for any injury by accident occurring in 1991.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of his employment of on or about March of 1992. N.C.G.S. § 97-2(6).
2. Plaintiff's left shoulder complaints are not causally related to the alleged injury by accident of on or about March of 1992.
3. Plaintiff has not filed a timely claim for an injury in 1991 pursuant to N.C.G.S. § 97-24; the Industrial Commission therefore lacks jurisdiction over any claim with regard to an injury in 1991.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for compensation under the North Carolina Workers' Compensation Act must be, and the same is hereby DENIED.
2. Each side shall pay its own costs.
FOR THE FULL COMMISSION
 S/ ________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ________________________ DIANNE C. SELLERS COMMISSIONER
S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
CMV/cnp/mj 1/29/96